# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case Number:_____-CIV-_____

RAYMOND T. MAHLBERG,

    Plaintiff,

v.

A & M (2015) LLC,
d/b/a URBAN PLANET

    Defendant.

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. In the statutory text, Congress determined that "individuals with disabilities continually encounter various forms of discrimination," including "communication barriers". 42 U.S.C. § 12182(a).

4.Defendant's adjunct website https://urban-planet.com/ and specifically the Florida website https://urban-planet.com/ (the "Website" or Defendant's website) is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in A&M (2015) LLC ("Defendant" or "URBAN PLANET") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

6. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

7. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, construct, maintain, and operate its website https://urban-planet.com/ to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

8. Defendant's website https://urban-planet.com/ (the "Website" or Defendant's website). Defendant owns and operates the website and several URBAN PLANET stores that are located in Florida.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court. 8. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

10. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

11. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

12. This case arises out of the fact that Defendant A&M (2015) LLC has operated its business in a manner and way that effectively excludes individuals who are visually

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

impaired from access to Defendants' https://urban-planet.com/ website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

13. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

15. Plaintiff has attempted to access Defendant's Website in the past and intends to continue to attempt to access Defendant's Website https://urban-planet.com.

16. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://urban-planet.com, Plaintiff will continue to be denied full access to the URBAN PLANET's website.

## JURISDICTION AND VENUE

17. Plaintiff resides in Orlando, Florida and regularly travels to Broward and Miami to visit his friends and go shopping. Defendant has several stores in the State of Florida, including stores in Broward County and Miami-Dade County. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida where defendant resides and a substantial part of the events giving rise to the claims occurred, Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

18. Plaintiff's claims asserted herein arose in this judicial district.

19. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there are several URBAN PLANET stores in his area.

20. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

21. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Florida. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores. Defendant A&M (2015) LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## THE PARTIES

22. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff resides in Orlando. Mahlberg is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602,

§802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104. 21. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS screen-reader to access the internet." JAWS, or "Job Access With Speech," is the most popular screen reading software for Windows-based computers. For screen-reading software to work, the information on a website or on a mobile application must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it. 23. A&M (2015) LLC  is a Foreign Profit Corporation.  Defendant is the owner and operator of a chain of hundreds of stores under the brand name URBAN PLANET and his products are distributed to hundreds of affiliated and authorized retailers.  Defendant has several stores in Florida, including URBAN PLANET located at Sawgrass Mall (Sunrise, FL), Dolphin Mall (Miami) and Miami Beach.

24. Upon information and belief, at all times material hereto, Defendant A&M (2015) LLC owns, operates, and/or manages the day-to-day affairs and stores of URBAN PLANET stores which are operating within Orange, Broward, Dade and other counties in the State of Florida.

25. Plaintiff believes, and thereon alleges, that defendants URBAN PLANET corporate affiliates and/or related entities, actively engaged in the sale of clothing in various states throughout the country, including Florida.

26. Plaintiff is further informed that said companies are organized and existing under, and by virtue of, the laws of the state of Florida. Defendant's headquarters and principal corporate offices located in North York, Ontario, Canada. Said Defendant entities will hereinafter collectively be referred to as "URBAN PLANET" "the Defendant Company" or, where appropriate, "Defendant."

## FACTS

27. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other **sales establishment**," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

28. Each of Defendant's URBAN PLANET's stores are open to the public and each is a place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] … other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

29. URBAN PLANET stores offer for sale to the general public men and women clothing.

30. Defendant has control over its website and mobile application, and/or operates his web pages, including image and data content. Defendant owns and operate the domain name https://urban-planet.com/ that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's website.

31. One of the functions of Defendant's website (available in mobile or computer version) is to provide the public information on the various locations of Defendant's stores that sell merchandise. The other function of the website is to sell Defendant's merchandise.

32. Defendant's Website is offered by Defendant as a way for the public to communicate with URBAN PLANET merchandise. Defendant's Website also permits the public to register and create an account allows the general public to order and purchase men clothing, provides information about its products, and (among other things) provides: customer service, locate stores, buy men clothing online fashion, footwear & accessory.

33. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated, since the website allows the public the ability to locate Defendant's stores, retail locations and sells merchandise.

34. The website is an extension of defendant's physical stores. By this nexus, between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

35. Plaintiff is a customer of URBAN PLANET brand merchandise, since he owns a URBAN PLANET and his intent to buy fashion, footwear & accessory. Plaintiff frequently buys fashion clothing, and thru his inquiries he learned there are some URBAN PLANET's stores in his area.

36. As a result of Plaintiff being legally blind, before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of URBAN PLANET's store locations, Plaintiff went to defendant's Website to learn (1) how to navigate to and from URBAN PLANET's store locations; (2) the cost of URBAN PLANET's men fashion, footwear & accessory; (3) times

and hours of operation URBAN PLANET's stores in his area and in Miami, so he can arrange transportation with the intent of purchasing URBAN PLANET's merchandise, (4) purchase the exclusive online deals (5) register online (create an account), (6) and read the privacy policy, (7) find and read the notice of accessibility.

37. Like most consumers, Plaintiff accesses numerous websites at a time to compare features, models, quality and prices.

38. During the plaintiff's several visits to the website using JAWS (computer) and Voiceover (mobile) occurring in **January 23, 2020** and the last in **March 13, 2020**, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in South Florida, specially near his home.

39. Plaintiff was impeded to patronize URBAN PLANET stores by Plaintiff being unable to learn about URBAN PLANET location addresses, hours, fashion, footwear & accessory and deals available online for sale, and the ability to create an online account, read the Return and Privacy Policy, among other things readily available to sighted individuals.

40. Plaintiff called Defendant URBAN PLANET store to inquire about new arrivals of men fashion, footwear & accessory as well to find the location of stores near his home. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

41. Following communications with Defendant's representative, Plaintiff attempted to utilize Defendant's Website as instructed by Defendant's representative.

42. Defendant's Website was inaccessible, so Plaintiff could not (among other things):

a. Find out about URBAN PLANET men fashion, footwear & accessory to purchase online;

b. Locate URBAN PLANET's stores;

c. Learn about buying online the URBAN PLANET's fashion, footwear & accessory, since Plaintiff is a collector and purchase clothing in a regular basis;

d. Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile and computer website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

## AMERICAN WITH DISABILITIES ACT

43. The failure to access the information needed precluded Plaintiff's ability to patronize URBAN PLANET stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location.

44. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant A&M (2015) LLC owns and operates stores, the URBAN PLANET.

45. Technology evolves, in these days, consumers are doing most of their shopping online. Defendant's provision of an e-commerce website is an essential part of the services offered,

and is no different than the customer service to the public as part of URBAN PLANET stores services, privileges and benefit to the public.

46. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

47. By this nexus, the website https://urban-planet.com/ and its mobile app are characterized as an intangible service, privilege and advantage provided by URBAN PLANET a place of Public Accommodation (URBAN PLANET's stores) as defined under the ADA, and thus its website is an extension of URBAN PLANET services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

48. Defendant's Website is not designed with consideration for WCAG, Accessible Rich Internet Applications (*ARIA*) software language and Universal design[2]. This means that images and embedded hyperlinks must include alternative description text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it. The World Wide Web Consortium (the principal standards-setting body for the web) has issued a set of "Web Content Accessibility Guide-lines" (WCAG) to assist developers in making their websites accessible to blind people and other individuals with disabilities.

---

[2] Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

49. Plaintiff's expectation of participating in URBAN PLANET website, services and privileges was eliminated since he could not access Defendant's https://urban-planet.com/ website at all to avail himself of the latest services which Defendant offers to the public.

50. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://urban-planet.com/ .

51. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://urban-planet.com/ website and mobile application have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

52. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing URBAN PLANET stores, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs (such as in this case purchasing clothing) in a manner equal to that afforded to others who are not similarly disabled.

53. Plaintiff's inability to fully use Defendant's Website therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

54. Plaintiff cannot make proper arrangements for transportation of himself to the URBAN PLANET's store locations without the ability to know in advance the URBAN PLANET's merchandise, goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to

Defendant's URBAN PLANET's store location. Plaintiff is effectively denied the ability to physically travel to Defendant's URBAN PLANET's store.

55. Plaintiff has a concrete plan to purchase URBAN PLANET's brand merchandise when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services, including becoming informed about the URBAN PLANET's brand merchandise available for purchase.

56. By denying Plaintiff the opportunity to comprehend URBAN PLANET's Website and mobile application therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

57. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

58. On information and belief, Defendant has not offered any form of website and mobile application in an accessible format for blind or visually impaired individuals.

59. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

60. All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

61. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website and the electronic pages/data therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

62. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

63. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as "Places of Public Accommodation" under Title III.

64. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

65. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

66. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

67. The Website is also a P*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public can purchase URBAN PLANET's merchandise online through the Website (which meets the definition of "sales establishment").

68. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

69. Types of website source-code programming errors include (but are not limited to) source-code errors which are easily identifiable and are prone to making the website inaccessible, that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

70. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of errors, easily identifiable and correctable, which occur throughout the Website such as:

   a. All image elements must have an alt attribute. WCAG 2.0 A F65

   b. Duplicate `id` - the same ID is used on more than one element. WCAG 2.0 A 4.1.1

   c. Identify row and column headers in data tables using `th` elements, and mark layout tables with `role=presentation` WCAG 2.0 A F91.

   d. HTML form control has no label. WCAG 2.0 F68

   e. Button elements containing only an img must have an alt attribute on the img WCAG 2.0 A F65

   f. This form control has a blank label or no label WCAG 2.0 A 2.4.1

71. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

72. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

73. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant URBAN PLANET.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

74. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

75. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

76. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://urban-planet.com/ website which is defined within §12181(7)(E), and is subject to the ADA.

77. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information needed to shop at a URBAN PLANET store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

78. The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2)

Congress" intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

79. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

80. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

81. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

82. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

83. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

84. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://urban-planet.com/ website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating URBAN PLANET stores and becoming informed of and signing up for URBAN PLANET merchandise online, and of viewing electronic documents provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

85. For all of the foregoing, the Plaintiff has no adequate remedy at law.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "A&M (2015) LLC" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendants to continually update and maintain their computer version of the defendant's website and URBAN PLANET's website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendants to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

e. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises. Plaintiff hereby demands a jury trial for all claims so triable.

Respectfully submitted,

Dated this 30th day of March, 2020.

*s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2020 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.